[Civ. No. 694.   First Appellate District.—January 17, 1910.]

THE HOLINESS CHURCH OF SAN JOSE, a Corporation, Respondent, v. METROPOLITAN CHURCH ASSOCIATION, a Corporation, Appellant, et al., Defendants.

FOREIGN CORPORATION—SERVICE OF SUMMONS UPON SECRETARY OF STATE —JUDGMENT BY DEFAULT—MOTION TO VACATE—MATTER OF RIGHT.— Where a foreign corporation doing business in this state had failed to designate some one upon whom process might be served, and it was served upon the Secretary of State, if the service of the summons in the case be regarded as constructive, and not personal, such corporation, without any showing of mistake, surprise, inadvertence or excusable neglect, was entitled as a matter of absolute right, upon its motion, within the time limited in such case by section 473 of the Code of Civil Procedure, to have the judgment vacated and set aside for answer upon the merits, and the court was without any discretion in the premises.

ID.—DEEMED CONSENT TO SUCH SERVICE NOT MAKING IT PERSONAL.— Although, under the circumstances, the foreign corporation doing business in this state without the proper designation of an agent must be deemed to have consented to the service upon it through the Secretary of State, and to the jurisdiction of the court to enter judgment thereon, yet it does not follow that the service was personal.

Id.—Nature of "Personal Service" upon Corporations.—The expression "personal service," generally speaking, means the actual delivery of the process to the defendant in person; and such service, under section 411, subdivisions 1 and 2 of the Code of Civil Procedure, is made upon a corporation, domestic or foreign, by delivering a copy of the summons together with a copy of the complaint to certain designated officers thereof, or if upon a foreign corporation, under section 405 of the Civil Code, by delivering the same to a person resident in the state designated for that purpose by such corporation.

Id.—Other Modes of Service Constructive.—Other modes of service on corporations in this state, including the one here in question, must be regarded as constructive.

Id.—Absence of Duty upon Secretary of State.—When the service is made upon the Secretary of State, no duty is imposed upon him by law to impart any notice of such service, or of the pendency of the action against the corporation, and in the absence of a clear intention by the legislature expressed to that effect, such service cannot be deemed personal or the equivalent of personal service.

APPEAL from an order of the Superior Court of Santa Clara County refusing to vacate a judgment by default. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

E. M. Rosenthal, and O. D. Richardson, for Appellant.

Charles W. Slack, and Henry French, for Respondent.

KERRIGAN, J.—This is an appeal from an order refusing to set aside a default judgment.

On June 14, 1906, respondent commenced an action against the Metropolitan Church Association, a foreign corporation, and others, for the purpose of obtaining a judgment, decreeing that respondent is the owner of certain described real property in Santa Clara county, and that the appellant, Metropolitan Church Association, is the holder of the title thereto in trust for the respondent. The summons, which was duly issued on the day the suit was commenced, was, according to the return thereon, served on March 16, 1908, by the sheriff of Sacramento county on said appellant, by delivering a copy thereof, attached to a copy of the complaint, to the Secretary of State. On June 24th following (the ap-

pellant in the meantime not having appeared or answered) a judgment of default was entered against it in favor of the respondent. The next day the appellant duly made a motion to open the default against it, and to be permitted to answer to the merits of the action.

The affidavit filed by the appellant in support of this motion, which is undisputed, states that said corporation was never aware or had any knowledge of any attempted substituted service upon it through the Secretary of State of California until the day following the entry of the judgment, and said appellant did thereupon immediately and has continued since to take all available, prompt and necessary steps to have this default and judgment against it set aside.

The ground of the motion is that the summons was not personally served upon the appellant, and it is based on that part of section 473 of the Code of Civil Procedure which reads as follows: "When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action." The motion here was made immediately after the entry of judgment, and if the service of the summons in the case may be regarded as constructive and not personal, then the appellant, without any showing of mistake, surprise, inadvertence, or excusable neglect, was entitled as a matter of absolute right to have the judgment vacated and set aside, and the court was without any discretion in the premises. (*Gray* v. *Lawlor,* 151 Cal. 352, [90 Pac. 691]; *Zobel* v. *Zobel,* 151 Cal. 98, [90 Pac. 191]; *Hoffman* v. *Superior Court,* 151 Cal. 385, [90 Pac. 939].)

But respondent contends that appellant was personally served. It argues that foreign corporations doing business in this state are subject to every constitutional condition imposed upon them by the state, and that when the appellant corporation had been engaged in business here for a period of forty days without having designated a person, residing within the state, on whom process might be served, under section 405 of the Civil Code, as the section then read, it must be deemed to have assented to such service being made upon

the Secretary of State as freely as though it had specially authorized it, and that therefore (if we follow the argument) the service of summons here was personal. Under the circumstances just related the appellant must be deemed to have consented to the service upon it through the Secretary of State, and to the jurisdiction of the court to render judgment against it thereon; but it does not follow that the service was personal. The expression "personal service," generally speaking, means the actual delivery of the process to the defendant in person (*First Nat. Bank of Casselton* v. *Holmes,* 12 N. D. 38, [94 N. W. 764]; *Moyer* v. *Cook,* 12 Wis. 335; *McKenna* v. *State Ins. Co.,* 73 Iowa, 453, [35 N. W. 519]; and such service, under section 411, subdivisions 1 and 2, Code of Civil Procedure, is made upon a corporation, domestic or foreign, by delivering a copy of the summons, together with a copy of the complaint, on certain designated officers thereof, or, if upon a foreign corporation under section 405 of the Civil Code, by delivering copies of the complaint and summons to a person resident within the state designated for that purpose by such corporation. Other modes of service on corporations in this state, including the one in question, must, we believe, be regarded as constructive. Under section 405 of the Civil Code the Secretary of State is not obliged, nor is it his duty, to notify the corporation of the pendency of the action, nor that through him that it has been regularly served with process; and in the absence of a clear intention by the legislature to that effect, such service cannot be deemed personal or the equivalent of personal service.

Here, according to the affidavit and the proposed verified answer, the appellant knew nothing of the pendency of the action until after the entry of judgment, divesting it of the legal and equitable title to the land which stood of record in its name. The portion of section 473 relied upon by appellant was intended to cover just such cases as this one. If the legislature had intended that the delivery of process to the Secretary of State should be regarded as tantamount to personal service upon the corporation as distinguished from constructive service, doubtless it would have expressly so declared, as is done, we believe, in some states, and as is the case in this state in reference to foreign fire insurance companies doing business here. (Pol. Code, sec. 616.)

The appellant was not personally served with summons, and having made its motion within due time, was entitled, as contemplated by the third clause of said section 473, to be relieved from the judgment, and upon filing its answer as seems to be required by section 405 of the Civil Code, to have a trial of the cause upon the merits.

The order appealed from is reversed.

Hall, J., and Cooper, P. J., concurred.