[L. A. No. 23873.   In Bank.   Feb. 3, 1956.]

MARY SOLOT et al., Appellants, v. MICHEL LINCH et al., Defendants; C. A. LINCH, Respondent.

John N. Frolich and William Levin for Appellants.

Spray, Gould & Bowers and Robert E. Ford for Respondent.

SPENCE, J.—Plaintiffs appeal from an order setting aside the default of defendant C. A. Linch and the judgment entered thereon. The other defendants are not involved on

this appeal. Plaintiffs contend that the trial court was without power to set aside the default after six months from the time respondent's default was entered; and we have concluded that this contention must be sustained.

On May 1, 1953, appellants brought this action against respondent and others to recover damages for personal injuries received in an automobile accident on a highway in this state. Respondent was and is a nonresident. During the same month, service of process was made on respondent by leaving a copy of the summons and complaint with the Director of Motor Vehicles, Sacramento, California, and by sending via registered mail to respondent at his Nebraska address the prescribed notice of service on the director, together with copy of the summons and complaint. Respondent immediately forwarded these papers to his California insurance company, and the latter in turn transmitted the papers to its attorneys. In the mistaken belief that the proper statutory agent had not been served and that the court was without jurisdiction in the matter, the attorneys failed to file an answer or put in an appearance for respondent. On November 5, 1953, respondent's default was entered, and judgment thereon followed on April 7, 1954. Respondent moved to vacate the judgment on May 21, 1954, which was more than six months after the entry of default (Code Civ. Proc., § 473) but within a year after the entry of judgment (Code Civ. Proc., § 473a). He claimed that he had not been personally served and hence was entitled to relief under said section 473a. Appellants opposed the motion upon the ground that service of process under the nonresident motorist statute, section 404 of the Vehicle Code, constituted personal service and therefore section 473a was inapplicable.

Said section 404 consists of subsections (a) to (h) inclusive. Subsection (a) provides that when a nonresident accepts the rights and privileges of using the highways of California by operation of a motor vehicle thereon, he, by such act, appoints the Director of Motor Vehicles as his lawful attorney, upon whom may be served all lawful processes in any action against such nonresident growing out of an accident or collision resulting from the operation of such motor vehicle upon such highway by himself or agent. Subsection (b) reads: "The acceptance of such rights and privileges or use of said highways shall be a signification of the agreement of said nonresident that any such process against him which is served in the manner herein provided *shall be of the same legal force*

*and validity as if served on said nonresident personally in this state.*" (Emphasis added.) Subsection (c) provides for leaving a copy of the summons and complaint, plus a fee of two dollars, with the Director of Motor Vehicles or someone in his office and declares this to be sufficient service subject to compliance with the next following provision. Subsection (d) requires plaintiff or his attorney to send by registered mail a notice of such service and copy of summons and complaint to defendant or to make personal service upon defendant wherever found outside the state, which personal service shall be the equivalent of said mailing. Subsection (e) requires proof of mailing to be made by affidavit, which must include a return receipt bearing the signature of defendant; and it also prescribes the method of proof of personal service if had outside the state. Subsection (f) authorizes the court to "order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action." Subsection (g) requires the director to keep a record of all process so served on him. Subsection (h) defines a nonresident as one who is not residing in this state at the time the accident or collision occurs.

Respondent raises no question concerning the constitutionality of the statute (*Hess* v. *Pawloski*, 274 U.S. 352 [47 S.Ct. 632, 71 L.Ed. 1091]; see 64 Harv.L.Rev. 98) and he expressly concedes that service was made upon him in the manner required by section 404 of the Vehicle Code; that he received the prescribed documents in the mail; and that the service was valid. The controlling question, however, is whether service of process pursuant to said section 404 is personal service within the meaning of section 473a of the Code of Civil Procedure. The latter section reads: "When from any cause the summons in an action has not been *personally served* on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representatives, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action." (Emphasis added.)

As indicating the Legislature's intent to exclude the nonresident motorist from the scope of section 473a, appellants rely strongly on the phrase in section 404, subdivision (b), that the prescribed service "shall be of the same legal force and validity as if served on said nonresident personally in this State." To this point they cite the "well-recognized rule of construction that after the courts have construed the meaning of any particular word, or expression, and the Legis-

lature subsequently undertakes to use these exact words in the same connection, the presumption is almost irresistible that it used them in the precise and technical sense which had been placed upon them by the courts." (*City of Long Beach* v. *Payne,* 3 Cal.2d 184, 191 [44 P.2d 305]; see also *People* v. *Superior Court,* 118 Cal.App.2d 700, 703 [258 P.2d 1087], and cases cited.)

At the time of the adoption of section 404 of the Vehicle Code in 1935 (Stats. 1935, ch. 27, p. 154), section 405 of the Civil Code and section 616 of the Political Code had long been part of our statutory law. The meaning of these latter two sections was considered in *Holiness Church of San Jose* v. *Metropolitan Church Assn.,* 12 Cal.App. 445 [107 P. 633], where service of process was made on a foreign corporation doing business within this state, by delivering a copy of the summons and complaint to the Secretary of State, pursuant to section 405 of the Civil Code. A default judgment was entered and the corporate defendant moved the next day to vacate such judgment pursuant to that portion of section 473 of the Code of Civil Procedure which is now embodied in section 473a as above quoted, claiming that it had not been personally served. In sustaining the defendant's claim, the court observed at page 448: "Under section 405 of the Civil Code the Secretary of State is not obliged, nor is it his duty, to notify the corporation of the pendency of the action, nor that through him that it has been regularly served with process; and in the absence of a clear intention by the legislature to that effect, such service cannot be deemed personal or the equivalent of personal service. . . . The portion of section 473 relied upon by appellant [defendant] was intended to cover just such cases as this one. If the legislature had intended that the delivery of process to the Secretary of State should be regarded as tantamount to personal service upon the corporation as distinguished from constructive service, doubtless it would have expressly so declared, as is done, we believe, in some states, and as is the case in this state in reference to foreign fire insurance companies doing business here. (Pol. Code, § 616.)" The cited section 616 of the Political Code (now Ins. Code, § 1604) provided with respect to the specified insurance companies, that service of process might be made upon a designated agent but in the event none such was named, then upon the Insurance Commissioner, and "such service upon the commissioner *shall have the same force and effect as if made upon the company.*" (Emphasis added.)

104

While "personal service," generally speaking, means the actual delivery of the process to the defendant in person (42 Am.Jur., § 48, p. 40), service of process upon one whom a nonresident has, either expressly or by implication of law, appointed as his resident agent or lawful attorney upon whom legal process may be served may be effective as personal service upon the nonresident. (42 Am.Jur., § 51, p. 42.) The Holiness Church case recognized this proposition but stated that the Legislature must so expressly provide, citing the type of statutory language that would effectuate such purpose. With such judicial observations before it, the Legislature in 1935 enacted section 404 of the Vehicle Code, providing that the Director of Motor Vehicles should be the nonresident motorist's "lawful attorney upon whom may be served all lawful processes" and that service as so prescribed "shall be of the same legal force and validity *as if* served on said nonresident personally in this State." (Emphasis added.) The adoption of such judicially approved language strongly indicates the Legislature's intent to create a service of process tantamount for all purposes to personal service as discussed in the Holiness Church case. (*People* v. *West Side County Water Dist.*, 112 Cal.App.2d 228, 233 [246 P.2d 119].) Such situation is expressly excluded from the operation of section 473a of the Code of Civil Procedure in effecting relief from default.

Section 404 of the Vehicle Code provides a method whereby persons from other states, who become involved in litigation as the result of their use of a motor vehicle on the highways of this state, may be sued here and although they have left the state, may be effectively served with process so that *in personam* judgments may be rendered. Although the statute relates primarily to jurisdiction, it manifestly has the purpose of placing a nonresident motorist summoned thereunder on a parity with the resident in other respects. While it requires the nonresident to consent to the service of process upon the agent designated in the statute, it further requires that the nonresident shall actually receive the notice of the service and copy of the process and shall acknowledge receipt thereof. Moreover, the statute also contemplates such continuances as may be found necessary to give reasonable time and opportunity for defense. Thus, the statute plainly aims to put nonresidents on the same footing as residents in the litigation of accidents growing out of the use of the highways in the state, having equal procedural rights once the prescribed service of process has been effected

so that there can be no question of personal notice of the pendency of the action.

Closely in point is a case involving the question of the running of the statute of limitations with respect to a nonresident motorist. In *Scorza* v. *Deatherage,* 208 F.2d 660, service was made upon a nonresident defendant under a Missouri statute like our section 404 of the Vehicle Code, providing that process so served should have "the same legal force and validity as if personally served on him in the state." The applicable statute of limitations was one year subject to a proviso that in case of absence of defendant from the state at or after the time of death, "so that personal service cannot be had upon such defendant in the state," the period of such absence should not be counted in computing the statutory period. It was argued that though the statute authorized a personal judgment, the service was not personal service within the meaning of the death statute. In rejecting this contention, the court stated at page 662 that the Missouri Supreme Court had held that "service on an agent authorized to accept such service constitutes personal service upon the principal of that agent," which view is "sustained by the weight of authority," and hence the statute of limitations was not tolled while service of process could have been made on the nonresident's authorized agent in the state.

■ Relief from default under section 473a of the Code of Civil Procedure is predicated upon the assumption that personal jurisdiction of the defendant has not been obtained. (*Gardner* v. *Gardner,* 72 Cal.App.2d 270, 272 [164 P.2d 500].) ■ Its purpose is clearly to give relief to a defendant who has had only constructive, rather than actual, notice of the action against him. (*Thompson* v. *Sutton,* 50 Cal. App.2d 272, 276 [122 P.2d 975].) ■ Section 404 of the Vehicle Code provides for the nonresident defendant's personal notice of the pendency of the action against him and it plainly indicates the Legislature's intent on that basis to ascribe to the prescribed service all of the attributes of personal service within this state. One of such attributes of personal service is that section 473 of the Code of Civil Procedure controls relief from defaults taken following such service. ■ Relief may not be granted thereunder after the expiration of six months from the date of entry of the default. Accordingly, since respondent's motion for relief was made after the prescribed period had expired, the court was without jurisdiction to act and the order setting aside

his default and the judgment thereon was void. (*Castagnoli* v. *Castagnoli,* 124 Cal.App.2d 39, 41 [268 P.2d 37].)

The order is reversed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and McComb, J., concurred.

Respondent's petition for a rehearing was denied February 29, 1956.