[Civ. No. 20570.   First Dist., Div. Three.   Feb. 5, 1963.]

RAYMOND H. KOSKI, Plaintiff and Appellant, v. U-HAUL COMPANY, Defendant and Respondent.

Spurr & Brunner and W. H. Brunner for Plaintiff and Appellant.

Bell & Cox and Conrad L. Cox for Defendant and Respondent.

SALSMAN, J.—Plaintiff obtained a default judgment against defendant, a California corporation. The trial court set aside the default and default judgment on defendant's motion, and plaintiff appeals. The record discloses these facts:

The defendant corporation had designated as its agent to receive service of process one James G. Shaw, 940 East 12th Street, Oakland, California.

Plaintiff filed this action, and summons issued on June 26, 1959. Plaintiff sent the process to the Sheriff of Alameda County for service upon the agent designated by the defendant. On October 22, 1959, the sheriff returned the process to plaintiff with a statement to the effect that the defendant, or defendant's agent, could not be found at the address given. On October 28, 1959, plaintiff's attorney filed an affidavit with the court reciting the facts, and requesting an order authorizing service to be made upon defendant by delivering to the Secretary of State a copy of the process and the court's order, pursuant to section 3302 of the Corporations Code. On October 29, 1959, the court made its order authorizing service on defendant to be made as prayed for by plaintiff, and on November 12, 1959, the Sheriff of Sacramento County made service upon the Secretary of State and returned his certificate of service to plaintiff. No answer from defendant was received and on December 16, 1959, plaintiff caused defendant's default to be entered by the clerk of the court. On July 15, 1960, seven months after the entry of the default, plaintiff obtained a default judgment against defendant. On November 23, 1960, more than 11 months after entry of the default,

defendant filed a motion to set aside the default and default judgment, and on December 12, 1960, after a hearing, the court entered its order granting defendant's motion.

There is some uncertainty in the record before us as to the basis for defendant's motion. Its notice of motion to set aside the default and default judgment states that the motion will be made upon the ground that "defendants' failure to answer said Complaint within the time allowed was due to mistake, inadvertence, and excusable neglect. . . ." Defendant's points and authorities filed in support of the motion quoted the language of the third paragraph of Code of Civil Procedure section 473, yet cited Code of Civil Procedure section 473a. Code of Civil Procedure section 473a relates to those cases where the defendant has not been personally served with summons, and where applicable permits the court to grant relief and allow a defendant to answer at any time within one year after the rendition of judgment, whereas the exercise of the court's power under Code of Civil Procedure section 473 is limited to a reasonable time, not exceeding six months. At oral argument in the trial court there was some suggestion by defendant that Code of Civil Procedure section 473a was applicable to the motion, whereas plaintiff's contention was that the ground of the motion was by its own terms limited to Code of Civil Procedure section 473. The trial court did not specify the ground upon which its minute order was made, but simply recited that "the motion to set aside default and default judgment be and is granted." In their briefs the parties continue their separate ways; the plaintiff contends the motion is governed by rules applicable to relief afforded under Code of Civil Procedure section 473, whereas defendant contends that Code of Civil Procedure section 473a supports the motion and that the order was properly granted under that section. We think it makes little difference which section is relied upon by defendant because we have concluded that neither can support the order of the trial court.

From the recitation of facts herein it clearly appears that defendant's default was entered some seven months prior to the entry of the default judgment and that just a few days short of one year elapsed from the entry of the default to the filing of defendant's motion to set aside. Thus, Code of Civil Procedure section 473 is not available to defendant and cannot be relied upon to support the court's order setting aside the default, because to set aside a judgment entered against a defaulting defendant under this provision of law, application

for relief must be made within a reasonable time, not exceeding six months after entry of the default. (*Phillips* v. *Trusheim*, 25 Cal.2d 913, 917 [156 P.2d 25] ; *Macbeth* v. *Macbeth*, 219 Cal. 47 [25 P.2d 11] ; *Hunt, Mirk & Co., Inc.* v. *Hesperides Min. Co.*, 200 Cal. 382 [253 P. 317] ; *Jones* v. *Evarts*, 114 Cal.App.2d 496, 498 [250 P.2d 671].) ▮ Even though six months had not elapsed between the date of entry of the default judgment and the filing of the motion to set aside, the motion was too late if made more than six months after the entry of the default. (*Monica* v. *Oliveira*, 147 Cal. App.2d 275, 276 [305 P.2d 169].) This rule is applicable here because it would be of no value to defendant to set aside the default judgment without also setting aside the default, and as the authorities reveal, the default here is not vulnerable to a motion under Code of Civil Procedure section 473. In *Monica* v. *Oliveira*, *supra* at p. 277, the court said: "As we pointed out in *Cumberpatch* v. *Nolan*, 125 Cal.App.2d 205, 207 [270 P.2d 540, 271 P.2d 519], vacating the judgment (if this could be done where more than six months had expired from the entry of default), would be of no value, as it would be the duty of the court immediately to enter a judgment of like effect, and the defendants, still being in default, could not be heard in opposition thereto." Thus, if it be considered that the court's order was made under Code of Civil Procedure section 473, the court had no jurisdiction to act and its order was void, since defendant's motion was made more than six months after the entry of its default. (*Castagnoli* v. *Castagnoli*, 124 Cal.App.2d 39, 41 [268 P.2d 37] ; *Bowman* v. *Bowman*, 29 Cal.2d 808, 813 [178 P.2d 751, 170 A.L.R. 246].)

▮ Defendant strenuously argues that the court's order was proper under Code of Civil Procedure section 473a. Relief is available to a defendant under this section only in those cases where the defendant has not been personally served with summons. Thus we must determine if the service here made upon defendant is personal service within the meaning of Code of Civil Procedure section 473a. Corporations Code sections 3300 to 3306 provide for the service of process on domestic corporations, such as defendant. Section 3301 provides for filing by the corporation of a statement of the names of its officers and a statement of the location and address of its principal office. This section also provides that a corporation may, if it wishes, designate in such statement an agent

of the corporation for the purpose of service of process. Here it is undisputed that the defendant corporation had previously filed with the Secretary of State such a statement as that referred to in Corporations Code section 3301, and had designated James G. Shaw, whose address was given, as its agent to receive service of process. An affidavit of defendant's attorney, filed in support of defendant's motion, admits there was a change of address of its agent to receive service of process and that there was a failure on the attorney's part to notify the Secretary of State of the change of address of the agent. The affidavit further states that such failure was due to ''mistake and inadvertence'' and a ''belief that by filing the 'Statement of Officers and location of principal place of Business' '' the defendant corporation had fully complied with the law. However, Corporations Code section 3301 also provides that in the event of any change of address of the person designated by a corporation to receive service of process the corporation shall forthwith file with the Secretary of State a statement showing the new address of its agent for the service of process. Corporations Code section 3302 provides that if the agent designated by a corporation to receive service of process cannot be found at the address given, and it is shown to the court that, after the exercise of due diligence, personal service cannot be made upon the agent designated, the court may order service to be made upon the Secretary of State, and that service in the manner therein provided for constitutes personal service upon the corporation. ▉ Here the plaintiff attempted to serve defendant's designated agent without success and thereafter obtained a proper order of court permitting service upon the Secretary of State. ▉ While it is true that as a general rule ''personal service'' means the actual delivery of the process to the defendant in person (42 Am.Jur., Process, § 48, p. 40) nevertheless service upon an agent who has been expressly or by implication of law designated to receive service of process may amount to personal service if such was the intent of the Legislature in enacting the statute under which service was made. This rule is recognized in *Holiness Church* v. *Metropolitan Church Assn.*, 12 Cal.App. 445 [107 P. 633], and given effect in *Solot* v. *Linch*, 46 Cal.2d 99 [292 P.2d 887]. ▉ Here there can be no doubt about legislative intent, because the Legislature has expressly declared the service of process in the manner described in Corporations Code section 3302 to be personal service upon the corporation. It can avail defendant

nothing, therefore, to argue that it has not been personally served with process, for as the court said in *Solot* v. *Linch, supra,* at p. 104, in considering facts analogous to those here involved: "Such situation is expressly excluded from the operation of section 473a of the Code of Civil Procedure in effecting relief from default." It follows that the defendant, having been personally served with process, was bound to move to set aside the default against it within the time limit specified in Code of Civil Procedure section 473, and that no relief could validly be granted defendant under Code of Civil Procedure section 473a.

Defendant contends further that the court, in the exercise of its general equity powers, may grant it relief, and cites and relies upon *Hallett* v. *Slaughter,* 22 Cal.2d 552 [140 P.2d 3]. We think the *Hallett* case may be distinguished on its facts from the one we now consider. In *Hallett* the court found that plaintiff's attorney prepared an answer and mailed it to the court and defendant's counsel, but that for reasons unknown the papers were miscarried in the mail. Plaintiff's default was entered, followed by a default judgment more than six months after entry of default. The court granted relief to plaintiff on the ground of extrinsic accident and mistake of fact. Here, however, all that can be said is that defendant's attorney, with knowledge that the agent previously designated to receive service of process was no longer to be found at the address given, filed a statement on behalf of the corporation pursuant to section 3301 of the Corporations Code, listing the officers of the corporation and noting its principal place of business, but omitted the designation of an agent to receive service of process. The statement filed by defendant pursuant to Corporations Code section 3301 was a proper one, because under that section of the law the corporation is given an option, that is, it may or may not designate an agent to receive service of process, according to its choice. ▇▇▇ Where, as here, the defendant corporation chooses not to designate an agent to receive process, or the previously designated agent cannot be found at the address given, service upon the Secretary of State is permissible under section 3302 of the Corporations Code, and when such service is properly made, it is personal service and relief is not available to the corporation by motion under section 473a of the Code of Civil Procedure.

The order is reversed.

Draper, P. J., and Devine, J., concurred.