[Civ. Nos. 33156, 33157.  Second Dist., Div. Three.  Feb. 19, 1970.]

LOUIS A. CANNON et al., Plaintiffs and Respondents, v.
AMERICAN HYDROCARBON CORPORATION,
Defendant and Appellant.

(Two Cases.)

640

642

COUNSEL

John D. Glynn for Defendant and Appellant.

Easton & Kane, Harold Easton and Alan F. Kane for Plaintiffs and Respondents.

OPINION

FORD, P. J.—In each of the two cases involved herein the defendant corporation has appealed from an order of the superior court denying motions to vacate and set aside the entry of default and the judgment thereafter entered.

The actions were for money alleged to be due and owing by defendant under written guarantees of leases. In each complaint it was alleged as follows: "Defendant is now and at all times herein mentioned has been a Delaware corporation doing business in the State of California." Each complaint was filed and summons issued on July 21, 1966. Since the pertinent facts and the questions to be resolved are the same in each case, the matter will be considered herein as though only one case is involved.

On July 19, 1967, the defendant filed a document which constituted a

notice of three motions of an alternative nature. The motions were stated to be as follows: 1. For an order vacating an entry of default and a judgment by default. 2. For an order setting aside an entry of default and a judgment by default taken against defendant due to mistake, inadvertence, surprise or excusable neglect and permitting defendant to plead. 3. For an order setting aside an entry of default and a judgment by default against a defendant not personally served, pursuant to section 473a of the Code of Civil Procedure.

For the purpose of obtaining jurisdiction as to the defendant, the plaintiffs had recourse to the provisions of section 6408 of the Corporations Code,[1] but obtained no order as to service of process from the superior court before personal delivery of the process to a deputy secretary of state in Sacramento. ▮ The first question to be resolved is whether the entry of default was improper and the judgment entered thereafter was void because of the omission to obtain such a prior order.

The Sheriff of Sacramento County, acting through a deputy, made personal delivery of a copy of the summons and complaint to the deputy secretary of state on August 16, 1966, together with a letter addressed to the Secretary of State which was signed by the plaintiffs' attorney, the body of the letter being set forth in the footnote.[2] The Secretary of State

---

[1]The pertinent portions of section 6408 are as follows:

"(a) Any foreign corporation which transacts intrastate business in this state and which does not hold a valid certificate from the Secretary of State and is not exempt from the requirement of holding such a certificate by the provisions of Section 6403.2 of this code may be subject to a penalty of twenty dollars ($20) for each day that such unauthorized intrastate business is transacted; and such foreign corporation, by transacting unauthorized business in this state, shall be deemed to consent to the jurisdiction of the courts in California in any civil action arising in this state wherein such corporation is named a party defendant and shall be deemed to have designated the Secretary of State as the agent upon whom process directed to the corporation may be served within this state. . . . (c) Service on a corporation pursuant to this section may be made by personal delivery to the Secretary of State, or to an assistant or deputy secretary of state, of one copy of the process, together with a written statement signed by the party to the action seeking such service, or by his attorney, setting forth an address to which such process shall be sent by the Secretary of State. [¶] Upon receipt of the process and his fee therefor, the Secretary of State shall forthwith forward the copy of the process, together with a statement indicating the date upon which the process was served upon the Secretary of State, by registered or certified mail, charges prepaid, with request for return receipt, to the corporation at the address specified in said written statement. [¶] The corporation shall appear within 30 days after delivery of the process to the Secretary of State. The Secretary of State shall keep a record of all such process served upon him and shall record therein the time of service and his action in respect thereto. The certificate of the Secretary of State, under his official seal, certifying to the receipt of the process and the forwarding of such process to the corporation, shall be competent and prima facie evidence of the matters stated therein."

[2]"Pursuant to Section 6408 of the Corporations Code of the State of California I advise you that the above designated process is being served upon American Hydro-

forwarded the copy of the summons and complaint to the defendant corporation in Dallas, Texas, but the defendant made no appearance in the action.

On December 28, 1966, the plaintiffs filed a declaration of Louis A. Cannon containing statements that the defendant was a Delaware corporation and had transacted business in California and alleging that the defendant corporation had not qualified to conduct intrastate business in California and that its offices were currently located at 101 Braniff Building, Dallas, Texas, "Attention: S. Mort Zimmerman." On the same date the declaration of L. A. Riemer was filed, that declaration containing the statement that the declarant was a former officer of the defendant corporation and statements as to the transaction of business in California by that corporation and the nature thereof, including the execution of "lease guaranties."

On January 21, 1967, there was an entry of the defendant's default by the superior court, the body thereof being as follows: "It appearing to the Court from an examination of the records and files in this action that the defendant(s) AMERICAN HYDROCARBON CORPORATION (a Delaware corporation which conducted intra-state business in the State of California and was required to qualify in the State of California but failed to do so under Sections 6403 ff [sic] of the Corporations Code and is therefore deemed to have designated the Secretary of State of the State of California as the agent upon whom process may be served within this State), having been duly served with summons in the manner required by law, to-wit: Upon the Secretary of State of the State of California, and having failed to answer the plaintiff's [sic] complaint herein, and the time for answering having expired, the default of said defendant(s) is hereby entered according to law." On March 20, 1967, judgment by the court after default was entered in the superior court.

The motions were heard and denied on November 13, 1967, the following statement being included in the minute order: "The service appears valid under Corporations Code 6408. It does not appear that any procedural defects were prejudicial to defendant."

---

carbon Corporation, a Delaware corporation, which was required to qualify in the State of California but failed to do so under Sections 6403 ff [sic] of the Corporations Code.

"Accordingly, said corporation is deemed to have designated the Secretary of State as the agent upon whom process may be served within this State.

"You are hereby advised that said process should be sent as follows:

> American Hydrocarbon Corporation
> 101 Braniff Building
> Dallas, Texas
> Attention: S. Mort Zimmerman.

"Dated: August 9, 1966."

Section 6403 of the Corporations Code is in part as follows: "A foreign corporation shall not transact intrastate business in this State without having first obtained from the Secretary of State a certificate of qualification." That section sets forth the procedure for obtaining such a certificate. Both section 6403 and section 6408 are in chapter 3 of title 1, division 1, part 11, of the Corporations Code, chapter 3 being entitled "Qualification for Transaction of Intrastate Business." The following chapter (chapter 4, §§ 6500-6504) is entitled "Service of Process."

The basic statutory provision with respect to the service of summons on a foreign corporation is set forth in section 411 of the Code of Civil Procedure. That section is in pertinent part as follows: "The summons must be served by delivering a copy thereof as follows: . . . 2. If the suit is against a foreign corporation . . . doing business in this State: in the manner provided by Sections 6500 to 6504, inclusive, of the Corporations Code."

In section 6501 of the Corporations Code it is provided that if service cannot be made as specified in section 6500 "and it is so shown by affidavit to the satisfaction of the court or judge, then the court or judge may make an order that service be made by personal delivery to the Secretary of State or to an assistant or deputy secretary of state of two copies of the process together with two copies of the order, except that if the corporation to be served has not filed the statement required to be filed by Section 6403 then only one copy of the process and order need be delivered but the order shall include and set forth an address to which such process shall be sent by the Secretary of State." As has been heretofore noted, section 6408 deals with the situation in which a foreign corporation transacts intrastate business in this state without holding a valid certificate from the Secretary of State, whereas section 6403 sets forth the procedure for obtaining such a certificate of qualification.

Neither section 411 of the Code of Civil Procedure nor section 6408 of the Corporations Code expressly dispenses with an order of the court based upon an appropriate affidavit as a prerequisite to the delivery of process to the Secretary of State in the situation with which section 6408 is specifically concerned. Section 6501 (which has not been amended since 1951) expressly provides, as noted hereinabove, that only one copy of the process and order need be delivered to the Secretary of State where the foreign corporation has not filed the statement required to be filed by section 6403 of the Corporations Code.[3]

---

[3]It is to be noted that prior to the legislative changes in 1959 which included the repeal of sections 6400-6402 (as well as section 6408 as it then existed) of the Corporations Code and the amendment of section 6403 of that code (Stats. 1959, ch. 1256), the statement required to be filed by section 6403 was only one of the steps

■ Service of process upon a foreign corporation may be made only in the manner and form authorized by statute. (*Nagel* v. *P & M Distributors, Inc.,* 273 Cal.App.2d 176, 181 [78 Cal.Rptr. 65]; *Eagle Elec. Mfg. Co.* v. *Keener,* 247 Cal.App.2d 246, 251 [55 Cal.Rptr. 444]; *Tri-State Mfg. Co.* v. *Superior Court,* 224 Cal.App.2d 442, 444 [36 Cal.Rptr. 750].)

■ An entirely new section 6408 of the Corporations Code was enacted in 1963 and is in its present form (set forth in pertinent part in footnote 1 of this opinion) by virtue of the amendment thereof in 1965. It is to be noted that it contains a plenary provision for service of process on a "foreign corporation which transacts intrastate business in this state and which does not hold a valid certificate from the Secretary of State and is not exempt from the requirement of holding such a certificate by the provisions of Section 6403.2 of this code." Therein it is provided that "such foreign corporation, by transacting unauthorized business in this state, shall be deemed to consent to the jurisdiction of the courts of California in any civil action arising in this state wherein such corporation is named a party defendant and shall be deemed to have designated the Secretary of State as the agent upon whom process directed to the corporation may be served within this state." As has been noted, section 6408 is in the chapter entitled "Qualification for Transaction of Intrastate Business," whereas the following chapter is entitled "Service of Process."

The anomaly thus presented was indicated to some extent in the opinion of this court in *U.S. Cap & Closure, Inc.* v. *Superior Court,* 265 Cal.App.2d

---

necessary to qualify to transact intrastate business in this state. Thus, former section 6400 required the filing with the Secretary of State of a copy of the corporation's articles "duly certified by the Secretary of State or other official of the place under the laws of which it was created." In 34 State Bar Journal (1959), at page 683, legislative changes here pertinent were discussed as follows: "This legislation was proposed by the Secretary of State in accordance with a resolution of the National Conference of Secretaries of State to sponsor a uniform simplified procedure for the qualification of foreign corporations for the transaction of intrastate business. [¶] The old provisions requiring that a foreign corporation file certified copies of all charter documents with the state and county clerk have been repealed (Corp. Code §§ 6202, 6303, 6400-6402). It has been replaced by a provision requiring that the foreign corporation must file with the Secretary of State a statement setting forth its name, the address of its main office and principal office in the state, its proposed business, and a designation of its agent for service of process plus an irrevocable consent to such service (Corp. Code § 6403). Annexed to such statement must be a statement from a public officer of the state or county having custody of the original corporate articles, to the effect that the corporation is in existence and in good standing (Corp. Code § 6403 (f)). A certificate of qualification issues upon the filing of this statement and the payment of fees (Corp. Code § 6403.1). A change of any item contained in the statement may be made by filing the same with the Secretary of State (Corp. Code § 6403.3). Foreign corporations already qualified to do intra-state business are not affected by these changes (Corp. Code § 6403.2)."

408, at pages 412-413 [71 Cal.Rptr. 184], wherein it was stated: "Our holding [that the *U.S. Cap & Closure* case presented no valid factual basis for the application of the provisions of section 6408] makes it unnecessary for us to consider and determine the further contentions of the parties regarding the possible overlap in coverage of the withdrawn foreign corporation found in section 6408 and the first paragraph of section 6504 and the effect, if any, upon the validity of service pursuant to section 6408 by reason of the omission of any reference to this section in Code of Civil Procedure, section 411, subdivision 2. Plainly the Legislature would be well advised to take another look at exactly how it desires section 6408 to fit into its statutory scheme of substituted service upon withdrawn foreign corporations."

Section 6408 does not expressly require a court order for recourse to its provisions as to service of process, the pertinent portion thereof being as follows: "Service on a corporation pursuant to this section may be made by personal delivery to the Secretary of State, or an assistant or deputy secretary of state, of one copy of the process, together with a written statement signed by the party to the action seeking such service, or by his attorney, setting forth an address to which such process shall be sent by the Secretary of State." As has been noted, the new section 6408 was added in 1963 (Stats. 1963, ch. 1967, p. 4045, § 1) and, prior to its amendment in 1965, contained the provision that, by doing business in this state, the foreign corporation would be deemed to consent to the jurisdiction of the courts of California in any civil action arising in this state wherein such corporation was named a party defendant. The 1963 legislation, however, provided that it would be deemed that the Commissioner of Corporations had been designated as the agent upon whom process directed to the corporation could be served within the state. The second paragraph of the section was then as follows: "Upon receipt of any such process, the Commissioner of Corporations shall make diligent inquiry to ascertain the address of the corporation and, if located, shall mail the process to that address. A fee equal to the amount expended by the commissioner in making the inquiry and mailing the process shall be a recoverable cost in the action and payable to the commissioner."

The obtaining of a court order as a prerequisite to service by personal delivery of process to the Secretary of State is not an invariable requirement under the statutory procedure found in chapter 4, entitled "Service of Process." Thus, the second paragraph of section 6504 of the Corporations Code, as amended in 1957, is as follows: "A foreign corporation which has surrendered its right to transact intrastate business pursuant to Chapter 6 of this part may be served with process in any action upon a liability or obligation incurred within the State prior to such surrender by delivery of

the process to the Secretary of State, his assistant or a deputy pursuant to this chapter and no court order authorizing such service shall be required. The process shall be mailed in the manner prescribed in this chapter except that it shall be sent to the address to which process is authorized to be sent in the certificate of surrender."

As stated in *Select Base Materials, Inc.* v. *Board of Equalization,* 51 Cal.2d 640, at page 645 [335 P.2d 672]: "The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.] More-over, 'every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' [Citation.] If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose. [Citation.] Such purpose will not be sacrificed to a literal construc-tion of any part of the act." It is to be noted that section 6 of the Corpora-tions Code is as follows: "Title, division, part, chapter, article, and section headings contained herein do not in any manner affect the scope, meaning, or intent of the provisions of this code."

For purposes of statutory construction, the various pertinent sections of all the codes must be read together and harmonized if possible. (*Channell* v. *Superior Court,* 226 Cal.App.2d 246, 252 [38 Cal.Rptr. 13].) Par-ticularly apt in the resolution of the question in this case as to the validity of the service made in accordance with section 6408 of the Corporations Code is the reasoning of the court in *Sacramento Newspaper Guild* v. *Sacramento County Board of Supervisors,* 263 Cal.App.2d 41, at pages 54-55 [69 Cal.Rptr. 480]: "When a later statute supersedes or substantially modifies an earlier law but without expressly referring to it, the earlier law is repealed or partially repealed by implication. The courts assume that in enacting a statute the Legislature was aware of existing, related laws and intended to maintain a consistent body of statutes. [Citations.] Thus there is a presumption against repeals by implication; they will occur only where the two acts are so inconsistent that there is no possibility of concur-rent operation, or where the later provision gives undebatable evidence of an intent to supersede the earlier; the courts are bound to maintain the integrity of both statutes if they may stand together. [Citations.] Also rele-vant when the seeming inconsistencies appear in separate codes is the rule declaring that the codes blend into each other and constitute a single statute for purposes of statutory construction. [Citations.]"

Under the governing law the provisions of section 6408 of the Corporations Code were operative in this case and, contrary to the defend-ant's contention, the service of process was valid. The declarations of Mr.

Cannon and Mr. Riemer, to which reference has been made hereinabove, warranted the clerk of the superior court in reaching the conclusion that such service sustained the entry of the default of the defendant.

Insofar as the defendant asserts that there is a constitutional bar to effective service of process under section 6408 of the Corporations Code if the defendant was not engaged in the transaction of intrastate business in California at the time of the service of process, that contention is untenable under the reasoning of this court in *Beirut Universal Bank* v. *Superior Court,* 268 Cal.App.2d 832, at pages 840-842 (including fn. 3) [74 Cal.Rptr. 333].

Turning to the first alternative motion, namely, that the entry of the default and the judgment by default be vacated and set aside on the ground that each resulted from mistake, inadvertence, surprise or excusable neglect on the part of the defendant, the declaration of the defendant's attorney, John D. Glynn, was offered in support of the motion. That declaration was dated July 19, 1967, whereas, as has been noted, the default entry by the court was dated January 20, 1967, and the judgment by default was entered on March 20, 1967. On August 8, 1967, a supplemental declaration of Mr. Glynn was filed, portions of which were as follows:[4] "The complaint in the instant action was filed on or about July 21, 1966, . . . ; that on or about August 25, 1966 Defendant American Hydrocarbon Corporation was served at its Dallas, Texas office by mail from the California Secretary of State with a copy of summons and complaint; . . . that said forwarding letter [from the Secretary of State] states that service of said summons and complaint was made on said Secretary of State pursuant to Section 6408 of the California Corporations Code on August 16, 1966; . . . the forwarding letter from the Secretary of State does not set forth any time period as to when appearance or answer must be made and it was assumed that there was a thirty day period commencing when service was made on it by mail in Dallas as stated on the said summons; that Declarant when he received by mail from Dallas, Texas said summons and complaint wrote the California Secretary of State on September 7, 1966 making inquiry as to whether service had been made on the Secretary of State under said Section 6408 since Defendant had not received in the mail nor transmitted to this Declarant any order authorizing service to be made by personal delivery to the Secretary of State which order is required to be obtained pursuant to Section 6501 of the Corporations Code; . . . [that the declarant received an answer from the Secretary of State on September 23, 1966, in which it was stated that "Our office does not attempt to pass upon the sufficiency of the services

---

[4]In one of the cases such supplemental declaration was filed on August 7, 1967. While there were slight variations between the supplemental declarations, the variations were not as to matters of substance.

. . . but we merely mailed out the copies of the process as we are required to do by Section 6408"]. . . . By letter dated and mailed September 23, 1966 to Harold Easton, Esq., (counsel for Plaintiff herein) . . . this Declarant advised such counsel that he had recently received a copy of the complaint in the instant action from Dallas, Texas and Declarant requested counsel to grant him until November 15, 1966 to plead to said complaint in order to enable him to properly discuss the matter with members of the Executive Committee of Defendant who reside in Dallas, New Orleans and New York City; . . . that Declarant did not receive any reply from Harold Easton, Esq. either by letter or telephone; that said letter to Mr. Easton was mailed on September 23, 1966. . . . Finally, Declarant after not hearing from Mr. Easton telephoned the courthouse . . . and was advised that a request for entry of default had been filed on September 20, 1966 . . .; subsequently Declarant while at the courthouse inspected the files in both actions and discovered for the first time that there had not been a default entered in either action and that requests for entry of default in both actions stated in long-hand 'For the attention of Court'; . . . Declarant did so check back in early January, 1967 and on that occasion . . . discovered that there had been filed in each action on December 28, 1966 a 'Certificate of Declaration of Summons' (dated August 17, 1966) Declaration of Louis A. Cannon (dated October 12, 1966) and Declaration of L. A. Riemer (dated December 26, 1966). . . . That on or about January 18, 1967 Declarant prepared an Application for Time to File Notice of Motion to Quash Service of Summons (under C.C.P. 416.1) and stated therein that because all officers and directors of Defendant were located either in Dallas, New Orleans or New York City that thirty days time was necessary to obtain necessary declarations to support said notice of motion to quash service of summons; . . . that Declarant took said Application to the courthouse on January 20, 1967 and Declarant then discovered that Harold Easton, Esq., counsel for Plaintiffs was also then in the process of seeing Commissioner Stoddard as to this action and was planning to file a new request for entry of default; . . . at the time of said meeting with Commissioner Stoddard Declarant stated that because of the conflicting documents filed in the actions and the change in entry on the Registry of Actions Declarant had been unable to determine if there had been an order entered authorizing service of process on the Secretary of State and further when the original request for entry of default was filed in September, 1966 whether or not the Clerk should have entered said default (if the default should have been entered, it's [sic] subsequent entry would be related back to September, 1966 and make any pleadings filed subsequent to September, 1966 of no force or effect); that subsequently Declarant was advised by mail that said Application had been denied but no reason was stated for such denial and Declarant was not advised by either

the court or by Mr. Easton as to the action taken on the Request for Entry of Default. . . . Subsequently Declarant determined that the default of Defendant had been entered on January 20, 1967 and that a Judgment by Court After Default was signed and entered by Commissioner Natoli on March 20, 1967; . . . By letter dated May 9, 1967 this Declarant wrote Harold Easton, Esq., counsel for Plaintiffs and again requested him to voluntarily permit this action to be determined on its merits by stipulating to setting aside and vacation of the default judgment entered herein; . . ."

A portion of a counterdeclaration of Mr. Easton, filed on September 11, 1967, was as follows: "On or about March 17, 1967, the declarant, along with Sanford A. Cahn, one of the plaintiffs in each of the Actions, appeared in the Superior Court . . . before Commissioner Natoli in Department 63, to prove up the defaults entered on January 20, 1967, in each of the Actions. After leaving said courtroom and while walking down the hall of the court-house, Mr. Cahn and the declarant were met by Mr. Glynn, who was approaching in the opposite direction. Mr. Glynn asked whether or not declarant had ever proved up the defaults in the Actions. The declarant said that he and Mr. Cahn were leaving the court now after having proved up the defaults; Mr. Glynn said 'Thank you.' "

With respect to the motion now under consideration, the pertinent portion of section 473 of the Code of Civil Procedure is as follows: "The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Application for such relief . . . must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken; . . ."

As has been noted, the default entry by the court was dated January 20, 1967, and the judgment by default was entered on March 20, 1967. The motion to vacate the default and the judgment by default was not filed until July 19, 1967. The supplemental declaration of Mr. Glynn shows that he was actually aware on January 20, 1967, that the plaintiffs' attorney was at the courthouse seeking to have a default entered by the court. The judge hearing the motion was free to draw the conclusion from Mr. Easton's declaration that the defendant's attorney was informed by him at the courthouse on March 17, 1967, that there had been a hearing for the purpose of obtaining a judgment by default. The defendant's motion was made one day before the expiration of six months after the entry of the default and almost four months after the entry of judgment. The court was warranted in determining that the defendant's motion was not timely under the governing law which is succinctly stated by Witkin as follows: "The statute imposes the additional limitation that the application must

be made within a reasonable time. While the determination of reasonableness is largely for the trial court, the limitation is not perfunctory. The moving party has a double burden: He must show a satisfactory excuse for his default, and he must show diligence in making the motion after discovery of the default." (3 Witkin, Cal. Procedure (1954) Attack on Judgment in Trial Court, § 59, p. 2111.)

The other alternative motion remaining to be considered was based upon section 473a of the Code of Civil Procedure which is in pertinent part as follows: "When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representatives, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action; . . ." But the defendant's reliance on section 473a is unfounded because the service of process herein involved was personal service within the meaning of that section.

As will be explained, under the circumstances of the present case the delivery of one copy of the process, together with the written statement, pursuant to section 6408 of the Corporations Code constituted personal service of process within the meaning of section 473a of the Code of Civil Procedure. It is to be noted that section 6408 contains the provision that a foreign corporation coming within its scope "shall be deemed to have designated the Secretary of State as the agent upon whom process directed to the corporation may be served within this state," that such service "may be made by personal delivery to the Secretary of State, or to an assistant or deputy secretary of state, of one copy of the process," together with the designated written statement, and that the "corporation shall appear within 30 days after delivery of the process to the Secretary of State." Section 6408 requires that the Secretary of State forward the copy of the process to the corporation at the designated address and this was done with the result that the defendant had actual knowledge of the action against it in each instance.

"A corporation, being an artificial entity, cannot be personally served with process, and can be served only through an officer or agent of the company, or someone designated by law to receive service of process in its behalf." (42 Am.Jur., Process, § 108, p. 93; see Code Civ. Proc., § 411.) In the present case the agent designated by law was the Secretary of State.

It is true that in *Solot* v. *Linch,* 46 Cal.2d 99, at page 104 [292 P.2d 887], the Supreme Court stated: "While 'personal service,' generally speaking, means the actual delivery of the process to the defendant in person

(42 Am.Jur., § 48, p. 40), service of process upon one whom a nonresident has, either expressly or by implication of law, appointed as his resident agent or lawful attorney upon whom legal process may be served may be effective as personal service upon the nonresident. (42 Am.Jur., § 51, p. 42.) The *Holiness Church* case [*Holiness Church* v. *Metropolitan Church Assn.*, 12 Cal.App. 445 [107 P. 633]] recognized this proposition but stated that the Legislature must so expressly provide, citing the type of statutory language that would effectuate such purpose. With such judicial observations before it, the Legislature in 1935 enacted section 404 of the Vehicle Code, providing that the Director of Motor Vehicles should be the nonresident motorist's 'lawful attorney upon whom may be served all lawful processes' and that service as so prescribed 'shall be of the same legal force and validity *as if* served on said nonresident personally in this State.' (Emphasis added.) The adoption of such judicially approved language strongly indicates the Legislature's intent to create a service of process tantamount for all purposes to personal service as discussed in the *Holiness Church* case. (*People* v. *West Side County Water Dist.*, 112 Cal. App.2d 228, 233 [246 P.2d 119].) Such situation is expressly excluded from the operation of section 473a of the Code of Civil Procedure in effecting relief from default."

A study of the reasoning of *Holiness Church* v. *Metropolitan Church Assn.*, 12 Cal.App. 445 [107 P. 633], compels the conclusion that the reference to that case in *Solot* does not constitute a holding that a statute as to service upon the Secretary of State must *expressly* provide that the prescribed service shall have the same effect as personal service within the state in order to be outside the scope of relief afforded by section 473a of the Code of Civil Procedure. ▮ As stated in *Solot* (46 Cal.2d at p. 105): "Relief from default under section 473a of the Code of Civil Procedure is predicated upon the assumption that personal jurisdiction of the defendant has not been obtained. [Citation.] Its purpose is clearly to give relief to a defendant who has only constructive, rather than actual, notice of the action against him. [Citation.] Section 404 of the Vehicle Code provides for the nonresident defendant's personal notice of the pendency of the action against him and it plainly indicates the Legislature's intent on that basis to ascribe to the prescribed service all of the attributes of personal service within this state. One of such attributes of personal service is that section 473 [rather than section 473a] of the Code of Civil Procedure controls relief from defaults taken following such service."

As has already been emphasized, section 6408 of the Corporations Code contemplates that the corporation shall receive actual notice of the action and such was in fact the situation in the present case. The core of the difficulty in the *Holiness Church* case was set forth therein in the following

language (12 Cal.App. 445, at p. 448): "Other modes of service on corporations in this state, including the one in question, must, we believe, be regarded as constructive. Under section 405 of the Civil Code the Secretary of State is not obliged, nor is it his duty, to notify the corporation of the pendency of the action, nor that through him that it has been regularly served with process; and in the absence of a clear intention by the legislature to that effect, such service cannot be deemed personal or the equivalent of personal service."

As stated in *Koski* v. *U-Haul Co.,* 212 Cal.App.2d 640, at page 644 [28 Cal.Rtpr. 398]: "While it is true that as a general rule 'personal service' means the actual delivery of the process to the defendant in person (42 Am.Jur., Process, § 48, p. 40) nevertheless service upon an agent who has been expressly or by implication of law designated to receive service of process may amount to personal service if such was the intent of the Legislature in enacting the statute under which service was made." In *Koski* the granting of relief to the defendant corporation was reversed.

In view of the provisions of section 6408 of the Corporations Code, the conclusion is inescapable that it was the legislative intent that the service therein prescribed should be tantamount to personal service as that concept is embodied in section 473a of the Code of Civil Procedure. The defendant did receive the prescribed notice of the action. The record contains no basis for a claim of a denial of due process. Consequently, the defendant was not entitled to the relief which it sought.

Each order is affirmed.

Schweitzer, J., and Allport, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 15, 1970.