[No. B166017. Second Dist., Div. Five. Mar. 22, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL BAIRD, Defendant and Appellant.

**COUNSEL**

Janice Wellborn, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Mary Sanchez and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MOSK, J.—**

## INTRODUCTION

Defendant and Appellant Michael Baird appeals from an order finding him in violation of probation and executing a sentence that previously had been imposed and suspended on condition that he comply with the terms of probation. We affirm.

## BACKGROUND

In October 2000, as part of a plea bargain, defendant entered a plea of no contest to two counts: a violation of Penal Code[1] section 664/288.2, subdivision (b) (attempted offense of sending harmful matter with the intent of seducing a minor), and a violation of section 311.2, subdivision (d) (section 311.2(d)) (distributing to a minor or possessing with the intent to distribute to a minor matter depicting a minor engaged in or simulating sexual conduct). As part of the plea agreement, defendant acknowledged that he would receive a sentence of three years four months.[2] That sentence was imposed and its execution suspended, and the trial court placed defendant on probation under certain terms. Because defendant's offenses involved sending improper materials over the Internet to someone he thought was a minor, one of the terms of his probation was that defendant "not associate with and stay away from the internet and all computers." Another term required defendant to cooperate with his probation officer on a plan for counseling.

In late 2002, defendant's probation officer received reports from defendant's therapist indicating that defendant had missed therapy appointments and had not paid for his sessions. The probation officer thereafter conducted a probation search of defendant's home. During this search, the officer observed a computer in the living room and found many computer-related items in defendant's bedroom. Defendant's brother, with whom defendant lived, told the probation officer that the computer was his, the brother's, and that the computer had Internet access.

The trial court conducted a probation violation hearing, at which the probation officer and defendant testified. The court found that defendant was in violation of probation. Specifically, the court found that defendant had a computer in his home and that he had access to that computer. The court ordered defendant to serve the previously imposed sentence of three years and four months in state prison. Defendant filed a timely appeal from that order.

## DISCUSSION

We appointed counsel to represent defendant on this appeal. After examination of the record, counsel filed an opening brief asking this court to review

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] In the written plea, which defendant signed, defendant acknowledged that he would be sentenced to a three-year eight-month term in prison. At the hearing in which the trial court accepted defendant's plea and imposed the sentence, the trial court noted that the correct sentence was three years four months, computed as follows: the high term of three years on the violation of section 311.2(d), and a consecutive four months (one-third the midterm of one year) on the violation of section 664/288.2, subdivision (b).

the record independently in accordance with *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]. We gave notice to defendant that counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any contentions of issues he wished this court to consider.

Defendant submitted a letter in which he raised numerous contentions, most of which were forfeited for failure to object in the trial court, not timely raised (because they relate to the imposition of the sentence in October 2000, see *People v. Chagolla* (1984) 151 Cal.App.3d 1045, 1049 [199 Cal.Rptr. 181] [when a sentence is imposed but execution is stayed, the sentence becomes a final judgment if no appeal is taken]), or not supported by the record on appeal. There is, however, one issue for which we requested additional briefing: whether the sentence for a violation of section 311.2(d) is governed by section 311.9, subdivision (a) (section 311.9(a)). Section 311.9(a) provides for punishment as a misdemeanor for any first-time violation of section 311.2 or 311.5, except for a violation of section 311.2, subdivision (b).[3] Section 311.2(d), on the other hand, provides that a violation of that subdivision (d)—which is applicable here—is a felony. n

Defense counsel argues in defendant's supplemental letter brief that there is statutory ambiguity regarding the proper sentence for a first-time violation of section 311.2(d), and that ambiguity must be resolved in favor of defendant. (Citing *In re Atiles* (1983) 33 Cal.3d 805, 812 [191 Cal.Rptr. 452, 662 P.2d 910], overruled on other grounds in *People v. Bruner* (1995) 9 Cal.4th 1178 [40 Cal.Rptr.2d 534, 892 P.2d 1277]; *People v. Overstreet* (1986) 42 Cal.3d 891, 896 [231 Cal.Rptr. 213, 726 P.2d 1288].) Defendant contends he should be sentenced in accordance with section 311.9(a), i.e., for a misdemeanor. The Attorney General argues that a violation of section 311.2(d) must be punished as a felony because that provision was enacted after section 311.9(a) was enacted, and therefore section 311.2(d) prevails "as the last expression of the legislature's will." (Quoting *In re Duncan* (1987) 189 Cal.App.3d 1348, 1364–1365, fn. 11 [234 Cal.Rptr. 877].) We hold that a violation of section 311.2(d) must be punished as a felony, i.e., under section 18, rather than under section 311.9(a).

---

[3] Section 311.9(a) provides: "Every person who violates Section 311.2 or 311.5, except subdivision (b) of Section 311.2, is punishable by fine of not more than one thousand dollars ($1,000) plus five dollars ($5) for each additional unit of material coming within the provisions of this chapter, which is involved in the offense, not to exceed ten thousand dollars ($10,000), or by imprisonment in the county jail for not more than six months plus one day for each additional unit of material coming within the provisions of this chapter, and which is involved in the offense, such basic maximum and additional days not to exceed 360 days in the county jail, or by both such fine and imprisonment. If such person has previously been convicted of any offense in this chapter, or of a violation of Section 313.1, a violation of Section 311.2 or 311.5, except subdivision (b) of Section 311.2, is punishable as a felony."

■ Defendant is correct that ambiguous penal statutes ordinarily must be construed in favor of criminal defendants. (*People v. Simon* (1995) 9 Cal.4th 493, 517 [37 Cal.Rptr.2d 278, 886 P.2d 1271].) But that rule of statutory construction "applies only when some doubt exists as to the legislative purpose in enacting the law." (*In re Pedro T.* (1994) 8 Cal.4th 1041, 1046 [36 Cal.Rptr.2d 74, 884 P.2d 1022].) The legislative history of section 311.2(d) and of the related provisions makes clear that the Legislature intended that a violation of section 311.2(d) be punished as a felony, rather than as a misdemeanor under section 311.9(a).

In 1961, the Legislature added chapter 7.5—Obscene Matter—to title 9 of part 1 of the Penal Code. (Stats. 1961, ch. 2147, § 5, pp. 4427–4429.) That chapter included the original version of section 311.2 (there were no subdivisions), which version prohibited the preparation, publication, exhibition, or distribution of obscene matter. All of the crimes described in chapter 7.5 as originally enacted were misdemeanors for all first-time offenses, and the punishment for the various offenses described in the chapter was set forth in section 311.9. Section 311.9(a) provided misdemeanor punishment for any first or second violation of section 311.2, and felony punishment for subsequent violations. (Stats. 1961, ch. 2147, § 5, at pp. 4428–4429.)

In 1977, section 311.2 was amended to add subdivision (b), which prohibited the preparation, publication, exhibition, or distribution of child pornography (i.e., obscene matter depicting a person under the age of 18 engaging in or simulating sexual activity) for commercial consideration; section 311.2 as it was originally enacted became subdivision (a). (Stats. 1977, ch. 1061, § 1, p. 3201.) The amended statute provided that a violation of subdivision (b) of section 311.2 was a felony punishable by imprisonment in state prison for two, three, or four years. As part of the same act, section 311.9(a) also was amended to provide that the punishment it specified for violations of section 311.2 did not apply to violations of subdivision (b) of section 311.2. (Stats. 1977, ch. 1061, § 2, p. 3202.)

Section 311.2 was amended again in 1984 to add subdivisions (c) and (d) to prohibit the *non*commercial distribution or exhibition of, or possession with the intent to distribute or exhibit, child pornography. (Stats. 1984, ch. 1489, § 1, pp. 5214–5215.) Under subdivision (c), if the child pornography is distributed or exhibited to, or possessed with the intent to distribute or exhibit to a person 18 years old or older, the offense is a misdemeanor and is punished as set forth in that subdivision.[4] (Stats. 1984, ch. 1489, § 1,

---

[4] The punishment set forth in section 311.2, subdivision (c) is different than the punishment set forth in section 311.9(a) for violations of other misdemeanor provisions of section 311.2. Subdivision (c) provides for imprisonment in county jail for up to one year, a fine not to exceed $2,000, or both.

p. 5214.) Subdivision (d) expressly makes the offense a felony if the child pornography is distributed or exhibited to, or possessed with the intent to distribute or exhibit to a person under the age of 18. (*Id.*, pp. 5214–5215.) Section 311.9(a) was not amended at the time subdivisions (c) and (d) of section 311.2 were added, or at any time thereafter. The Legislative Counsel's Digest of the bill that added subdivisions (c) and (d) to section 311.2 describes the effect of this addition as follows: "The bill would apply the prohibition [set forth in subdivision (b)] where the conduct is done without regard to obscenity or commercial consideration, where minors under age 17 are depicted, *with specified punishment depending on whether the person to whom the matter is distributed or exhibited is an adult or a minor.*" (Legis. Counsel's Dig., Sen. Bill No. 968, Stats. 1984 (1983–1984 Reg. Sess.) Summary Dig., p. 536, italics added.)

There is no doubt that the purpose of the legislation adding subdivisions (c) and (d) to section 311.2 was to prohibit the noncommercial distribution or exhibition of child pornography, to punish that conduct more severely than the conduct described in subdivision (a) of section 311.2, and to punish the distribution or exhibition of such matter to a minor more severely than the distribution or exhibition to an adult. Because section 311.2, subdivisions (c) and (d) were added in 1984, after section 311.9(a) was last amended, and because the later-enacted provisions " 'give[] undebatable evidence of an intent to supersede the earlier' " punishment provision (i.e., section 311.9(a)) (*People v. Bustamante* (1997) 57 Cal.App.4th 693, 699 [67 Cal.Rptr.2d 295]) with respect to violations of subdivisions (c) and (d) of section 311.2, we hold that the punishment for a violation of section 311.2(d) is governed by the felony punishment provision, section 18, rather than by section 311.9(a).

## DISPOSITION

The judgment is affirmed.

Turner, P. J., and Armstrong, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 9, 2004.