Filed 10/8/14  P. v. Clapham CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>RICHARD ALLEN CLAPHAM,<br><br>    Defendant and Appellant. | A138849<br><br>(Sonoma County<br>Super. Ct. No. SCR-499844) |

Defendant Richard Clapham appeals from an order denying his motion for resentencing under Penal Code section 1170.126, the Three Strikes Reform Act of 2012 (the Reform Act).[1]  He contends the court erred when it determined that one of his prior strike convictions disqualified him from resentencing under the Reform Act.  We agree with the trial court that Clapham's prior conviction for assault with the intent to commit a lewd or lascivious act on a child under age 14 makes him ineligible for resentencing under section 1170.126, so we affirm.

**BACKGROUND**

In 2007, Clapham entered a no contest plea to indecent exposure and admitted prior strikes that include a 1995 conviction for assault with intent to commit a lewd and lascivious act on a child under the age of 14 (§§ 220, 228).  He received an indeterminate sentence of 25 years to life in prison.

---

[1]Unless otherwise noted, further statutory references are to the Penal Code.

On January 3, 2013, defendant moved to vacate his sentence and for resentencing under the Reform Act. After a hearing, the court denied his motion because his 1995 strike conviction was a sexually violent offense as specified by Welfare and Institutions Code section 6600.1, and therefore Clapham was disqualified from resentencing under the Reform Act. The court alternatively found that a post-sentence probation report related to the 1995 conviction supported a finding that the offense was forcible, and for that reason as well found Clapham ineligible for resentencing. Clapham filed this timely appeal.

## DISCUSSION

### I. The Reform Act

Voters approved the Reform Act in 2012, thereby amending the "Three Strikes" law so that an indeterminate prison term of 25 years to life may be imposed as a third strike only where the conviction is a serious or violent felony or the prosecution pleads and proves other specified factors. (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012); §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) The Act also added section 1170.126, which allows felons sentenced under the previous version of the Three Strikes law to petition for resentencing if they would not have received an indeterminate life sentence under the Reform Act. (§ 1170.126, subds. (a)-(b).)

Consideration of a request for resentencing under the Reform Act is a two-step process. First, the court determines whether the inmate is eligible for resentencing under section 1170.126, subdivision (e), which depends on both the nature of the offense for which he or she was sentenced to life (§ 1170.126, subd. (e)(1)-(2)) and the nature of his or her other crimes that qualified as strikes (§ 1170.126, subd. (e)(3)).[2] A defendant who

---

[2]Subdivision (e) of section 1170.126 provides: "An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7. [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of

2

has been convicted of one of the offenses identified in these provisions is ineligible for resentencing under the Reform Act. As relevant here, disqualifying strikes include prior convictions for any " 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (§§ 667, subd. (e)(2)(C)(iv)(I), 1170.12, subd. (c)(2)(C)(iv)(I); see § 1170.126, subd. (e)(3).) If the court finds the defendant does not have a disqualifying conviction, it proceeds to resentencing unless it determines that to do so would pose "an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

This appeal concerns only the first step of the analysis under the Reform Act. The specific question is whether Clapham's prior conviction for assault with intent to commit a lewd and lascivious act on a child under 14 years old is a "sexually violent offense" within the meaning of Welfare and Institutions Code section 6600, subdivision (b),[3] and therefore disqualifies him for resentencing under section 1170.126, subdivision (e)(3).

Clapham observes that section 6600, subdivision (b) classifies assault with intent to commit another specified offense (including child molest) as a sexually violent offense only when it is "committed by force, violence, duress, menace, [or] fear of immediate and unlawful bodily injury on the victim or another person." (§ 6600, subd. (b).) Although one may reasonably question whether sexual assault of a child is ever non-

---

subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12. [¶] (3) *The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.2*." (Italics added.)

[3]Hereinafter section 6600, subdivision (b). It provides: " 'Sexually violent offense' means the following acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person , . . . and that are committed on, before, or after the effective date of this article and result in a conviction or a finding of not guilty by reason of insanity, as defined in subdivision (a): a felony violation of Section 261, 262, 264.1, 269, 286, 288, 288a, 288.5, or 289 of the Penal Code, or any felony violation of Section 207, 209, or 220 of the Penal Code, committed with the intent to commit a violation of Section 261, 262, 264.1, 286, 288, 288a, or 289 of the Penal Code."

violent, the People concede it is technically possible, if unlikely, that an assault with intent to commit a lewd act on a child in violation of section 220 may be committed without the actual application of force (or, presumably, fear). (See CALCRIM 890 [offense requires only "an act that by its nature would directly and probably result in the application of force to a person"; *People v. Colantuono* (1994) 7 Cal.4th 206, 219.) Since the offense may not involve the use of force, defendant argues, his 1995 conviction does not, without more, establish that he suffered a disqualifying prior strike.

There may have been some merit in this argument had the Legislature not in 1996 enacted Welfare and Institutions Code section 6600.1 (hereinafter section 6600.1). (Stats. 1996, ch. 461, § 3.) It provides: "If the victim of an underlying offense that is specified in subdivision (b) of Section 6600 is a child under the age of 14, *the offense shall constitute a 'sexually violent offense' for purposes of Section 6600.*" (§ 6600.1, italics added.) Section 6600.1 thus expanded the offenses that fall within Section 6600, subdivision (b) as sexually violent to encompass the specified underlying crimes when perpetrated against children under 14, whether or not committed by force. Clapham's 1995 strike is for such an offense, so he is statutorily ineligible for resentencing under the Reform Act.

Clapham attempts to obscure this conclusion by arguing that the pertinent clause of the Reform Act (§1170.126, subd. (e)(3)) disqualifies an inmate from eligibility for resentencing only if he or she has suffered a prior conviction for an offense listed in sections 667, subdivision (e)(2)(C)(iv) 1170.12, subdivision (c)(2)(C)(iv), including sexually violent offenses "as defined by subdivision (b) of section 6600." He argues that the absence of an explicit reference in these provisions to section 6600.1 "clearly indicates section 6600.1 was not intended to serve as a factor defining 'a sexually violent offense' for the purposes of these three statutes." We disagree. The Legislature is presumed to know existing law when it enacts a new statute (*Arthur Andersen v. Superior Court* (1998) 67 Cal.App.4th 1481, 1500–1501), and this rule of interpretation applies no less to initiative measures enacted as statutes. (*People v. Bustamente* (1997) 57 Cal.App.4th 693, 699 & fn. 5.) To accept Clapham's construction of the 2012 Reform

4

Act, we would have to pretend that section 6600.1 did not expressly expand the list of crimes qualifying as sexually violent offenses "for purposes of section 6600." (§ 6600.1.) We are not free to ignore the clear statutory language.

Clapham also disputes the applicability of section 6600.1 on the ground that his no contest plea to assault with intent to commit a lewd and lascivious act on a child younger than 14 years old does not necessarily establish that his intended victim was actually younger than 14. (See *Hatch v. Superior Court* (2000) 80 Cal.App.4th 170, 185–186 [defendant who believes his victims were underage may be convicted of attempt to commit sexual crimes against minors whether or not victims were in fact under the statutory age].) Clapham did not raise this factual claim in his motion for resentencing or at his eligibility hearing, even when invited to do so by the trial court, so it is forfeited. In any event, Clapham implicitly confirmed that his victim was under the age of 14 when he acknowledged at his 1995 change of plea and sentencing that his conviction subjected him to section 288.1,[4] which applies only to offenses against children under 14. The court correctly found Clapham statutorily ineligible for resentencing under the Reform Act.[5]

## DISPOSITION

The order denying Clapham's resentencing motion is affirmed.

---

[4]Section 288.1 provides that "Any person convicted of committing any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years shall not have his or her sentence suspended until the court obtains a report from a reputable psychiatrist, from a reputable psychologist who meets the standards set forth in Section 1027, as to the mental condition of that person."

[5]We therefore need not address defendant's further argument that the court erroneously considered hearsay statements in a post-sentence probation report that identified the victim as a 10-year-old child. Nor, in light of our conclusion on the merits, do we address the People's contention that the denial of a petition for resentencing under the Act is unappealable, a question currently pending before the Supreme Court in *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708.

                                                    _____
                                                    Siggins, J.


We concur:


_____
McGuiness, P.J.


_____
Pollak, J.