[No. A030650. First Dist., Div. One. Apr. 17, 1987.]

RICHARD JOHNSON et al., Plaintiffs and Appellants, v.
DOUGLAS GREGORY MEAD et al., Defendants and Respondents.

COUNSEL

Lipscomb & Corse, Linda G. Lipscomb and C. Thorne Corse for Plaintiffs and Appellants.

John K. Van de Kamp, Attorney General, and Kelvin C. Gong, Deputy Attorney General, for Defendants and Respondents.

## OPINION

ELKINGTON, Acting P. J.—The above-captioned plaintiffs appeal from an order dismissing their action, against the defendants State of California and its Department of Motor Vehicles (Department), for damages arising out of the death of their nine-year-old daughter. The action was dismissed following the superior court's order sustaining, without leave to amend, those defendants' *general* demurrer to the causes of action affecting them.

Plaintiffs' complaint alleged, among other things, the following.

Defendant Mead, while driving an automobile under the influence of alcohol and drugs, struck and killed plaintiffs' daughter while she was within an intersection's painted crosswalk. "[T]hat prior to and after licensing Mead the [Department] maintained a file on or record concerning Mead which contains information showing Mead was, at the time of licensing and thereafter, an alcoholic, a drug addict, a chronic user of both alcohol and drugs; a mentally disordered person . . . subject to violent outbursts and lapses of consciousness; a user of prescribed medication for the regulation of his mental disorder; . . . a person unfit to drive upon the roads, . . . and a person who had had his license suspended or revoked, the cause of which suspension or revocation continued at the time of the application for the aforementioned driver's license."

It was further alleged that the Department was under a *mandatory* duty *not* to issue a driver's license to one such as Mead, or to revoke such a license, if issued, that plaintiffs "are members of the class of people contemplated by the Legislature to be protected by these statutes . . .," and that the Department's breach of its *mandatory* duties was the proximate cause of their injury.

Government Code section 815.6, a provision of the California Tort Claims Act, provides: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

However, Government Code section 818.2 immunizes a public entity from liability "for an injury caused by adopting or failing to adopt an enact-

ment or by failing to enforce any law." Similarly, section 818.4 of that code provides in pertinent part that "[a] public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, [or] license . . . where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked."

In construing the relationship of these three statutes, the state's high court has specifically limited the immunity provided by sections 818.2 and 818.4 to instances where the public entity "was under a statutory obligation to make such a *discretionary* decision." (*Morris* v. *County of Marin* (1977) 18 Cal.3d 901, 913 [136 Cal.Rptr. 251, 559 P.2d 606]; our italics.) Where, however, the licensing activity involves a *mandatory,* nondiscretionary duty, immunity will not attach. (*Morris* v. *County of Marin, supra,* pp. 916-917.)

The issue thus is whether the Department was under a *mandatory* or *discretionary* duty not to issue a driver's license to Mead.

Vehicle Code section 12805 provides in relevant part: "The department *shall not* [our italics] issue a driver's license to, or renew a driver's license of, any person: . . . (b) Who, because of *alcoholism* or excessive and *chronic* use of alcoholic liquors, is incapable of safely operating a motor vehicle, or who is addicted to the use of, or is an habitual user of, any drug to a degree that the person is rendered incapable of safely operating a motor vehicle."

But nevertheless, in spite of the stern language "shall not" of section 12805, the next succeeding section 12806 states: "(a) Any physical or mental defect of the applicant which in the opinion of the department does not affect the applicant's ability to exercise reasonable and ordinary control in operating a motor vehicle upon the highway shall not prevent the issuance of a license to the applicant."

Two such code sections on the same subject must be read together. (*Cannon* v. *American Hydrocarbon Corp.* (1970) 4 Cal.App.3d 639, 648 [84 Cal.Rptr. 575].) And the word "shall" as used in a statute does not always import that its provisions are mandatory. (*People* v. *Ashley* (1971) 17 Cal.App.3d 1122, 1126 [95 Cal.Rptr. 509]; *People* v. *Municipal Court* (1956) 145 Cal.App.2d 767, 775 [303 P.2d 375].)

Reading Vehicle Code sections 12805 and 12806 together, it becomes manifest to us that here the Legislature intended that the Department have discretion in the issuance of driver's licenses to persons such as Mead.

But our inquiry is not ended.

■■■ The Department nevertheless "has a *mandatory* [our italics] duty to refuse to issue or renew a license if it has determined *beforehand* that the person is unable to safely operate a motor vehicle upon a highway." (*Trewin v. State of California* (1984) 150 Cal.App.3d 975, 981 [198 Cal.Rptr. 263, 41 ALR4th 104, 109].) Thus, if the Department has already exercised the discretion of Vehicle Code section 12806, and in doing so has decided that the person "is unable to safely operate a motor vehicle upon a highway," it has a mandatory duty *not* to issue or renew the person's driver's license.

It will be remembered that plaintiffs' complaint alleged that "prior to and after licensing Mead the [Department] maintained a file on or record concerning Mead which contains information showing Mead was, at the time of licensing and thereafter . . . a person unfit to drive upon the roads, . . . and a person who had had his license suspended or revoked, the cause of which suspension or revocation continued at the time of the application for the aforementioned driver's license."

We find the recital ambiguous. It may be reasonably construed as that the Department's records contained a *finding or determination* that Mead was "a person unfit to drive upon the roads," or that the Department's records only contained such information from other parties.

It has long been the rule of this state that objections that a complaint is ambiguous or uncertain, or that essential facts appear only inferentially, or as conclusions of law, or by way of recitals, must be raised by *special demurrer,* and cannot be reached on general demurrer. (*City of Santa Barbara* v. *Eldred* (1895) 108 Cal. 294, 297-298 [41 P. 410], our italics; *Harvey* v. *City of Holtville* (1969) 271 Cal.App.2d 816, 819 [76 Cal.Rptr. 795]; *In re Landry* (1943) 61 Cal.App.2d 230, 233 [142 P.2d 432]; *Manuel* v. *Calistoga Vineyard Co.* (1936) 17 Cal.App.2d 377, 380 [61 P.2d 1204].)

Reversible error thus appears. The issue of the appeal would more properly have been raised by *special demurrer* or motion for summary judgment, after plaintiffs have sought and obtained appropriate discovery.

The judgment is reversed, and the parties will stand their respective costs of appeal.

Newsom, J., and Holmdahl, J., concurred.

A petition for a rehearing was denied May 18, 1987.