Filed 10/15/13  Nehme v. BAC Home Loans Servicing CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| WILLIAM NEHME, | B241966 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC460102) |
| v. | |
| BAC HOME LOANS SERVICING, LP et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge.  Affirmed.

Law Office of Edward S. Orchon and Edward S. Orchon for Plaintiff and Appellant.

Bryan Cave, Robert E. Boone III, Brian J. Recor and David Harford for Defendants and Respondents.

———————————————

# INTRODUCTION

Plaintiff William Nehme brought this action for fraud, rescission, and other claims after he lost his home through foreclosure. He appeals a judgment entered in favor of defendants Bank of America, N.A. as successor by merger to BAC Home Loans Servicing, LP; Recon Trust Company, N.A.; Landsafe Title of California, Inc. erroneously named as Landsafe Title Corporation; Mortgage Electronic Registration Systems, Inc.; and MERSCORP, Inc., after the trial court sustained defendants' demurrer without leave to amend. We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND[1]

Nehme purchased a home in Valencia (the Property) on May 29, 2007. Countrywide Home Loan, Inc. informed Nehme that he "required a loan and a Mortgage" in order to purchase the Property. Nehme applied for the loan with Countrywide. According to Nehme, Countrywide represented to him that Countrywide would "provide [Nehme] with a loan and Mortgage," and "[w]hen [Nehme] completed purchasing the P[roperty,] his N[ote] would be secured by a Mortgage."

At the closing, Countrywide required Nehme to sign several documents, including a promissory note for $2,100,000 and a deed of trust with the property as security. Based on Countrywide's representations, Nehme "unknowingly" executed the deed of trust instead of a mortgage, and Countrywide "never explained to [Nehme] before, during or after the closing the difference between a Mortgage and a Deed of Trust." The deed of

---

[1]     We recite the facts alleged in Nehme's verified second amended complaint, which we accept as true for purposes of determining whether the trial court properly sustained defendants' demurrer. (See *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126; *Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 877.)

trust designated Countrywide as the lender, Mortgage Electronic Registration Systems, Inc. (MERS) as the nominal beneficiary, and CTC Real Estate Services (CTC) as trustee.

By signing the deed of trust, Nehme "unknowingly" granted to "CTC the 'power of sale' . . . upon the occurrence of a future event, i.e. a default." Nehme also "unknowingly" granted Countrywide the exclusive and sole right to determine when and if such a default occurred and, if so, to instruct CTC to file a notice of default and election to sell the property. Nehme "had no say" regarding which form "was used in his purchase" or what terms and conditions the preprinted form contained. The only portions of the form not preprinted were those portions that Countrywide "ultimately filled in before the [deed of trust] was signed by [Nehme] at the closing." The "terms of the N[ote] permitted Countrywide to sell the N[ote] to third parties, without having to disclose the fact of the sale to" Nehme, and, "unbeknown to him, Countrywide at all times intended to and did in fact sell the N[ote] and did not disclose the fact of this sale to" Nehme.

Nehme defaulted on the loan. On September 21, 2009 defendant Recon Trust Company, N.A. (Recon) commenced a non-judicial foreclosure proceeding against the Property by recording a notice of default. Defendant Landsafe Title of California, Inc. executed the notice for Recon as "agent for beneficiary." (Bold and italics omitted.)

On October 26, 2009 MERS executed and recorded a substitution of trustee, appointing Recon to replace CTC as trustee. MERS assigned the deed of trust to BAC Home Loans Servicing, LP (BAC).

On March 26, 2010 Recon recorded the notice of trustee's sale. The sale occurred at public auction on June 18, 2010. According to the trustee's deed upon sale, BAC, the beneficiary, purchased the Property from Recon for $2,002,500. The trustee's deed was recorded on June 25, 2010.

Nehme filed this action on April 22, 2011. Defendants demurred. On September 9, 2011, a few days before the hearing on defendants' demurrer, Nehme filed a verified first amended complaint. Defendants demurred again. The trial court sustained defendants' demurrer to Nehme's first amended complaint with leave to amend.

3

Nehme then filed a verified second amended complaint alleging causes of action for fraud by "bait & switch," rescission, declaratory relief, fraud, quiet title, violation of Business and Professions Code section 17200 (unfair competition law, UCL) for unfair business practices, and punitive damages. The crux of Nehme's claim was his allegation that Countrywide intentionally misrepresented to him that Countrywide would provide him with a loan secured by a mortgage, but instead provided him with a loan secured by a deed of trust, which he unknowingly signed at the closing of his purchase of the Property. Nehme claimed that there was no meeting of the minds for a valid contract and that defendants had no authority to conduct the nonjudicial foreclosure sale.

Defendants demurred to all seven causes of action in the second amended complaint. Defendants filed a request for judicial notice of the deed of trust, a substitution of trustee, notice of default, notice of trustee's sale, and trustee's deed upon sale of the Property, which Nehme did not oppose. The trial court sustained the demurrer to all causes of action without leave to amend. As to the first cause of action for "fraud [by] bait and switch," the court found there were "[i]nsufficient allegations to sufficiently allege bait and switch. Allegations of knowingly false statements made with the intent to have plaintiff change his position, how plaintiff changed his position to his detriment insufficiently pled." The court sustained the demurrer to the second cause of action for rescission, stating "This is not a cause of action, it is a remedy based upon fraud." The court sustained the demurrer to the sixth cause of action for unfair business practices on the ground there were "insufficient underlying causes of action upon which to predicate a [UCL] claim."

On June 5, 2012 the trial court dismissed the second amended complaint with prejudice and entered judgment in favor of defendants on all claims asserted in the second amended complaint. Nehme filed a timely appeal on June 11, 2012.

**DISCUSSION**

On appeal Nehme challenges only the trial court's rulings on the first cause of action for fraud by bait and switch, second cause of action for rescission, and sixth cause of action for unfair business practices. Nehme argues that Countrywide committed fraud by substituting a deed of trust with a power of sale for the mortgage Nehme had requested, and that he signed the deed of trust by mistake.[2] We conclude that, even after three attempts, Nehme failed to allege facts sufficient to state claims for fraud, rescission, and unfair competition, and we therefore affirm the judgment.

A.      *Standard of Review*

When reviewing a judgment dismissing an action after sustaining a demurrer without leave to amend, we review the complaint de novo to determine whether, as a matter of law, the complaint alleges facts sufficient to state a cause of action under any legal theory. (*Zelig v. County of Los Angeles*, *supra*, 27 Cal.4th at p. 1126.) "In order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error. Specifically, the appellant must show that the facts pleaded are sufficient to establish every element of a cause of action and overcome all legal grounds on which the trial court sustained the demurrer. [Citation.] We will affirm the ruling if there is any ground on which the demurrer could have been properly sustained. [Citation.]" (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047,

---

**2**      Our resolution of this appeal does not turn on the distinction between a mortgage and a deed of trust. (See *Dimock v. Emerald Properties* (2000) 81 Cal.App.4th 868, 877 [comparing mortgage to deed of trust].) We note, however, that "'[i]n California, over the course of the past century, deeds of trust have largely replaced mortgages as the primary real property security device.'" (*Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1510.) Deeds of trust and mortgages "perform the same basic function, and . . . a deed of trust is 'practically and substantially only a mortgage with power of sale.'" (*Domarad v. Fisher & Burke, Inc.* (1969) 270 Cal.App.2d 543, 553.)

1052; see *Ortega v. Topa Ins. Co.* (2012) 206 Cal.App.4th 463, 472; *Fox v. JAMDAT Mobile, Inc.* (2010) 185 Cal.App.4th 1068, 1079.)

"'"We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.]' [Citation.] '"[A] complaint otherwise good on its face is subject to demurrer when facts judicially noticed render it defective." [Citation.]' [Citations.]" (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.) When a demurrer is sustained without leave to amend, "'we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.]'" (*Zelig v. County of Los Angeles*, *supra*, 27 Cal.4th at p. 1126.) "[T]he burden of proving a reasonable possibility exists that a complaint's defects can be cured by amendment rests 'squarely on the plaintiff.' [Citation.]" (*Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1091.)

B. *The First Cause of Action for Fraud*

The first cause of action alleged fraud based on a "bait and switch"[3] by substituting the deed of trust with a power of sale for a mortgage and sought rescission of the note and the deed of trust on the basis of fraud. (See Civ. Code, § 1689, subd. (b)(1).) To state a cause of action for fraud, a plaintiff must allege "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1255.) A cause of action for fraud

---

[3] As definitions for "bait and switch," plaintiff cites Business and Professions Code section 17500, the prohibition against false or misleading statements in advertising, and Financial Code section 22755, subdivisions (a), (b), (g), (i), and (k), regarding violations of the California Finance Lenders Law by mortgage loan originators.

6

"must be pled specifically; general and conclusory allegations do not suffice." (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645; *Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602, 1614.) To satisfy "'[t]his particularity requirement,'" a plaintiff must plead "'*facts* which "show how, when, where, to whom, and by what means the representations were tendered."'" (*Lazar*, *supra*, at p. 645; *Hamilton*, *supra*, at p. 1614.)

The trial court ruled that Nehme had failed to allege the "bait and switch" fraud with sufficient particularity. On appeal, Nehme argues that his allegations were sufficiently specific and that, because it was a general demurrer rather than a specific demurrer, the trial court erred in applying the specificity standard. Nehme is incorrect.

Where, as here, a plaintiff asserts a fraud claim against a corporation, "'the plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."'" (*Hamilton v. Greenwich Investors XXVI, LLC*, *supra*, 195 Cal.App.4th at p. 1614; see *Aspiras v. Wells Fargo Bank, N.A.* (Aug. 21, 2013, D061449) ___ Cal.App.4th ___, ___ [2013 WL 5229769 at p. 5].) Nehme did not allege the name, position, or authority of any particular person to speak on behalf of Countrywide, or when any such person made the representations.[4]

---

**4** Nehme alleged: "In early 2007 Defendants Does 1 through 20, as mortgage loan originators, registered mortgage loan originators, mortgage brokers, agents, employees, advertisers and/or representatives, but on behalf of Countrywide and with Countrywide's full knowledge and authorization made the following representations to Plaintiff: [¶] a. Countrywide provides loans and Mortgages; [¶] b. Countrywide will provide Plaintiff with a loan and Mortgage; and [¶] c. When Plaintiff completed purchasing the P[roperty] his N[ote] would be secured by a Mortgage. [¶] . . . [¶] That when the defendants and each of them made their representations about the loan and a Mortgage, they knew them to be false; made them with the intention to deceive and defraud Plaintiff; and induce Plaintiff to act in reliance on them . . . . [¶] Plaintiff . . . was ignorant of the falsity of these defendants' representations and believed them to be true. In reliance on these representations, Plaintiff was induced to, and did, unknowingly execute a Deed of Trust, instead of a Mortgage."

Nehme argues that his allegations were sufficient because he alleged that the false representations were made by "DOES 1 through 20" and, through discovery, he would be able to identify the specific persons who made the false representations to him. Such an allegation is insufficient. "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." (*Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 157.) This rule applies where, as here, the plaintiff claims representatives from a lender made misrepresentations about the plaintiff's loan. (See *Aspiras v. Wells Fargo Bank, N.A.*, *supra*, ___ Cal.App.4th at p. ___ [2013 WL 52299769 at p. 6] [fraud claim lacked "the required specifics as to the name of the person at Wells Fargo who spoke and his or her authority to speak"]; *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 763-764 [allegations that plaintiff had discussions with "'employees of JPMorgan Chase'" about his loan "are not sufficiently specific to support a claim for fraud: they do not allege with particularity who made the statements, when they were made, what was actually said, or why they were false"].) Particularity is required where, as here, defendants have "no more reason to know who made the allegedly false representations" than Nehme. (*Tarmann*, *supra*, at p. 158.)

Nehme also argues that defendants can only challenge the specificity of his fraud allegations by special demurrer and not by general demurrer. The requirement for specificity applies to all fraud claims, however, regardless of the whether the defendant files a general demurrer or a special demurrer. (See *Tarmann v. State Farm Mut. Auto. Ins. Co.*, *supra*, 2 Cal.App.4th at p. 158 [affirming trial court's order sustaining general demurrer to fraud cause of action without leave to amend for lack of specificity]; *Wilhelm v. Pray, Price, Williams & Russell* (1986) 186 Cal.App.3d 1324, 1330-1332 [complaint that fails to plead fraud with sufficiently particularity is subject to general demurrer for failure to state a claim, not just a special demurrer for uncertainty]; *Hills Trans. Co. v. Southwest* (1968) 266 Cal.App.2d 702, 707 [special demurrers to fraud cause of action were properly sustained for lack of particularity].)

8

The cases cited by Nehme do not support his contention. For example, in *Delta Imports, Inc. v. Municipal Court* (1983) 146 Cal.App.3d 1033 the issue was not whether the defendant filed a general demurrer or a special demurrer, but whether, to challenge personal jurisdiction in an unlawful detainer action, the defendant should file a demurrer or a motion to quash. (*Id.* at p. 1035.) The court held that the proper procedure was a motion to quash, because a defendant cannot file a demurrer in an unlawful detainer action. (*Id.* at p. 1036; see *Greener v. Workers' Comp. Appeals Bd.* (1993) 6 Cal.4th 1028, 1036.) In *Johnson v. Mead* (1987) 191 Cal.App.3d 156, the court did state that "objections that a complaint is ambiguous or uncertain, or that essential facts appear only inferentially, or as conclusions of law, or by way of recitals, must be raised by special demurrer, and cannot be reached on general demurrer." (*Id.* at p. 160, italics omitted.) *Johnson*, however, did not involve a fraud claim.

### C.     *The Second Cause of Action for Rescission*

In his second cause of action, Nehme sought rescission of the deed of trust based on mistake pursuant to Civil Code section 1689, subdivision (b)(1), not fraud, although it is unclear whether he was claiming mutual mistake or unilateral mistake. Nehme alleged that he "unknowingly and apparently the result of Countrywide's mistake, was provided and executed . . . a Deed of Trust instead of a mortgage . . . . [¶] [A]s a result of this mistake there was no meeting of the minds between [Nehme] and Countrywide and therefore no contract was entered into[] because . . . Countrywide never intended to obtain the right [to] enforce a default via a 'power of sale' or non-judicial foreclosure. [Nehme] . . . never intended to convey a power of sale . . . . [¶] . . . [¶] *Civil Code* section 1689(b)(1) provides that a party may rescind a contract, 'If the consent of the party rescinding . . . was given by ***mistake*** . . . exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party.' ([E]mphasis added[.]) [¶] Therefore based upon the . . . mistake [Nehme]

hereby rescinds the [deed of trust and note] and demands restitution of all funds paid to defendants . . . ."**5**

On appeal, Nehme does not specifically address the second cause of action. The only reference in Nehme's opening brief to rescission based on mistake is the statement that "[a]s a result of Countrywide's bait and switch or mistake, there could not be and was no meeting of the minds."**6** (Fns. omitted.) Thus, Nehme's argument appears to be that because Countrywide intentionally or mistakenly gave Nehme a deed of trust instead of a mortgage, and Nehme mistakenly signed it, there was no contract.

The trial court properly sustained defendants' demurrer to the rescission cause of action without leave to amend. First, Nehme cannot rescind the deed of trust because the foreclosure sale has occurred, and the sale of the property extinguished the deed of trust. (See Civ. Code, § 2910 ["sale of any property on which there is a lien, in satisfaction of the claim secured thereby . . . extinguishes the lien thereon"]; *Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1235 ["a mortgage or deed of trust is generally extinguished by either payment or sale of the property in an amount which satisfies the lien"]; *Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 439.) Nehme does not argue otherwise.

Second, according to Nehme's allegations and the exhibits subject to judicial notice, Countrywide gave Nehme a deed of trust and Nehme signed a deed of trust. The document states in capital letters that it is a "DEED OF TRUST" and states in several places that it includes the power of sale. Nehme also signed a separate document entitled "Deed of Trust, Mortgage Rider for Construction Loan." The only possible mistake Nehme made was failing to read the deed of trust and other documents before he signed

---

**5**     Nehme also states, however, that both "[t]he First and Second Causes of Action are based upon the tort of fraud in inducing [him] to enter into residential loan contracts that were ultimately bundled and sold to securitized trusts."

**6**     Nehme did not file a reply brief.

them.**7** Such a mistake, however, will not support a claim for rescission. (See, e.g., *Mercury Ins. Co. v. Pearson* (2008) 169 Cal.App.4th 1064, 1074 [plaintiff not entitled to reformation for mistake where plaintiff "violated a legal duty by ignoring a prominently displayed [title] and signing the agreement when he had not in fact read or understood it"]; *Stewart v. Preston Pipeline Inc*. (2005) 134 Cal.App.4th 1565, 1588 ["'[i]t is well established, in the absence of fraud, overreaching or excusable neglect, that one who signs an instrument may not avoid the impact of its terms on the ground that he failed to read the instrument before signing it'"]; *Roller v. California Pacific Title Ins. Co.* (1949) 92 Cal.App.2d 149, 153 [mistake "'must not have arisen from negligence, where the means of knowledge were easily accessible,'" and the "'party complaining must have exercised at least the degree of diligence "which may be fairly expected from a reasonable person"'"]; see also Civ. Code, § 1577 ["[m]istake of fact is a mistake, not caused by the neglect of a legal duty on the part of the person making the mistake"]; *Rosencrans v. Dover Images, Ltd.* (2011) 192 Cal.App.4th 1072, 1080 ["'[g]enerally, it is not reasonable to fail to read a contract . . . even if the plaintiff relied on the defendant's assertion that it was not necessary to read the contract'"].) Nehme does not argue that his failure to notice that what he was signing was a deed of trust rather than a mortgage was excusable. He only argues it was a mistake, which is not enough to state a cause of action for rescission.

D.    *The Sixth Cause of Action for Unfair Business Practices*

Nehme concedes that his "Sixth Cause of Action alleges a violation of Business and Professions Code [section] 17200 based upon the underlying claims asserted in the

---

**7**    Although Nehme did not expressly allege that he did not read the deed of trust, he alleged that "at the closing these defendants . . . provided Plaintiff with a series of documents that had been prepared for the closing. [¶] The documents had tags affixed to the side . . . on each individual documents signature page, which stated 'sign here'. . . . [A]t the closing Plaintiff was instructed by these defendants to . . . affix his signature on each specific signature page."

First and Second Causes of action."**8** "Because the underlying causes of action fail, the derivative UCL . . . claim[] also fail[s]." (*Price v. Starbucks Corp.* (2011) 192 Cal.App.4th 1136, 1147.) Because Nehme failed to state causes of action for fraud and rescission, we conclude that the trial court properly sustained the demurrer to the sixth cause of action for unfair business practices without leave to amend.

## DISPOSITION

The judgment is affirmed. Defendants are to recover their costs on appeal.

SEGAL, J.*

We concur:

WOODS, Acting P. J.

ZELON, J.

---

**8**     "In order to state a claim for a violation of the UCL, plaintiffs must allege that [the defendant] committed a business act or practice that is fraudulent, unlawful, or unfair." (*Aspiras v. Wells Fargo Bank, N.A.*, *supra*, ___ Cal.App.4th at p. ___ [2013 WL 52299769 at p. 7]; *Levine v. Blue Shield of California* (2010) 189 Cal.App.4th 1117, 1136.)

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.